UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SLATTERY,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:18-cv-02593-KJN<br><br>ORDER AND<br><br>ORDER TO SHOW CAUSE |

For the second time, on January 29, 2019, the court ordered plaintiff to "show cause in writing why this action should not be dismissed based on his failure to prosecute this case." (ECF No. 8 at 3.) Plaintiff was also ordered to submit the necessary documents to the United States Marshal so that defendant can be served (id.), which the court originally ordered plaintiff to submit by October 12, 2018. (ECF No. 3)

In response to the court's first order to show cause (ECF No. 6), plaintiff indicated that he had had an unexplained "family crisis" that had delayed his attention to this case, and he requested an additional five-week extension of time to serve the complaint. (ECF No. 7.) This response did not sufficiently detail why plaintiff had failed to prosecute his case. Nonetheless, the court provided plaintiff with an additional fourteen days to respond to the order to show cause, and to provide the United States Marshal with the necessary documents. (ECF No. 8 at 2.)

1

In response to the court's second order to show cause (ECF No. 8), plaintiff asserts that he is "in need of some financial assistance to make copies" and he asks the court whether "there is a resource available to assist [him] in covering the cost of making copies." (ECF No. 9.) The court does not have any such resource. Plaintiff may wish to seek assistance from his local legal aid office or local library.

Plaintiff has again failed to sufficiently explain why this case should not be dismissed, and he has failed to provide the United States Marshal with the necessary documents, as ordered. Because this is plaintiff's second inadequate response to an order to show cause, the court has considered recommending dismissal of this matter.

Nevertheless, in light of plaintiff's pro se status and the court's desire to resolve the action on the merits, the court will afford plaintiff an additional two-week extension to appropriately respond to the court's order to show cause, and to provide the necessary documents to the United States Marshal. **<u>Plaintiff is specifically admonished that no further extensions will be granted, absent a showing of good cause.</u>**

Moreover, as previously warned, plaintiff must comply with orders of this court as well as all other applicable law. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local

rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall, **within fourteen days of this order**:
    a. Show cause in writing why this action should not be dismissed based on his failure to prosecute this case;
    b. Submit to the United States Marshal an original and five copies of the completed summons, five copies of the complaint, five copies of the scheduling order, and a completed USM-285 form;
    c. File a statement with the court that the above documents have been submitted to the United States Marshal; and
    d. File a brief statement indicating whether or not he consents to the jurisdiction of a United States magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).
2. Failure to timely respond to the order to show cause and to timely provide the United States Marshal with the necessary documents may result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

////

////

3

3. The Clerk of Court shall serve another copy of the court's September 28, 2018 orders and the summons (ECF Nos. 3, 4, and 5) on plaintiff, along with a copy of this order.

IT IS SO ORDERED.

Dated: February 27, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE