UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SLATTERY,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:18-cv-02593-KJN (SS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, who proceeds without counsel and *in forma pauperis*, commenced this action on September 21, 2018. (ECF Nos. 1-3.) For the third time, on February 27, 2019, the court ordered plaintiff to show cause in writing why the action should not be dismissed based on his failure to prosecute the case. (ECF Nos. 6, 8, 10.) For the fourth time, plaintiff was ordered, to submit the necessary documents to the United States Marshal so that defendant can be served, and to file a statement with the court indicating that he had done so. (See ECF Nos. 3, 6, 8, 10.)

On January 23, 2019, in response to the court's first order to show cause (ECF No. 6), plaintiff indicated that he had had an unexplained "family crisis" that had delayed his attention to this case, and he requested an additional five-week extension of time to serve the complaint. (ECF No. 7.) This response did not sufficiently detail why plaintiff had failed to prosecute his case. Nonetheless, the court provided plaintiff with an additional fourteen days to respond to the

order to show cause and provide the United States Marshal with the necessary documents.  (ECF No. 8 at 2.)

Plaintiff responded, on February 8, 2019, and asserted that he was "in need of some financial assistance to make copies" and he asked the court whether "there is a resource available to assist [him] in covering the cost of making copies."  (ECF No. 9.)  The court informed plaintiff that it does not have any such resource, and that plaintiff had once again failed to adequately respond to the court's order to show cause.  (ECF No. 10 at 2.)

Due to plaintiff's multiple failures, the court considered dismissal of the action.  However, "in light of plaintiff's pro se status and the court's desire to resolve the action on the merits," the court gave plaintiff until March 13, 2019, to appropriately respond to the court's order to show cause and provide the necessary documents to the United States Marshal.  (ECF No. 10 at 2.)  Plaintiff was specifically admonished that no further extensions would be granted, absent a showing of good cause.  (Id.)

Although the applicable deadline has now passed, plaintiff has failed to respond to the order to show cause or provide proof that the documents were submitted to the United States Marshal.  Therefore, the court recommends dismissal at this juncture.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).  A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or

fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46 F.3d at 53. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal here. The first two Ferdik factors strongly support dismissal, given that plaintiff's failure to comply with the court's orders and failure to prosecute his case have unreasonably delayed the progress of this litigation.

The third Ferdik factor also favors dismissal. While defendant Commissioner of Social

Security has not yet appeared in the case, plaintiff's failure to prosecute the case has hampered defendant's ability to move this case forward towards resolution and achieve finality regarding the Commissioner's underlying disability determination.

Additionally, the fifth <u>Ferdik</u> factor, which considers the availability of less drastic measures, also supports dismissal. As noted above, the court has already attempted less drastic measures, with multiple orders to show cause, prior to recommending dismissal. However, plaintiff has failed to adequately respond to the court's orders, completely ignoring the court's most recent order. Further, the court finds no suitable alternative to dismissal at this juncture. Given plaintiff's *in forma pauperis* status, the imposition of monetary sanctions would be futile, especially in light of the nature of this case—a challenge to the Commissioner's determination that plaintiff is not entitled to Disability Insurance Benefits. Moreover, the court is unable to frame any meaningful issue or evidentiary sanctions based on the limited record before it.

Finally, the court finds that the fourth <u>Ferdik</u> factor, which addresses the public policy favoring disposition of cases on the merits, does not materially counsel against dismissal. If anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with the court's orders and prosecute his case. Indeed, plaintiff seems incapable and/or unwilling to complete even the initial step of having defendant served. In any event, the court finds that the fourth <u>Ferdik</u> factor is outweighed by the other <u>Ferdik</u> factors.

Consequently, dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court be directed to vacate all dates and close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that:

1. The Clerk of Court shall randomly assign a United States District Judge to this action.

2. All pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not

entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: March 27, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE